UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | )  No. 2:15-CR-75 |
| | ) |
| JOSHUA BRADLEY | ) |

ORDER

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion for compassionate release, [Doc. 38]. Defendant, Joshua Bradley *pro se* asks the Court to release him from custody in light of the COVID-19 pandemic pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [*Id.*]. The Federal Defender Services have reviewed the relevant documents in Defendant's case. [Doc. 40]. The government has responded in opposition. [Doc. 41]. The matter is now ripe for review.

**I.**

On October 06, 2015, Defendant pled guilty to possession with the intent to distribute a-PVP, alpha-pyrrolidinopentiophenone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). [Docs. 12, 14]. The Court sentenced Defendant to a net sentence of 84 months' imprisonment followed by a three-year term of supervised release. [Doc. 30]. Defendant is presently scheduled to be released from federal custody on November 17, 2021. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 11, 2020). Currently, Defendant is incarcerated at the Bureau of Prisons ("BOP") facility, Lee USP. The most recent statistics from of the BOP reports two staff members are confirmed positive for COVID-19, and one staff member has recovered from the virus at Lee USP. *See* COVID-19, Coronavirus, BOP (Aug. 11, 2020) https://www.bop.gov/coronavirus/

**II.**

Once a sentence has been imposed, it generally cannot be modified. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (citing 18 U.S.C. § 3582(c)); *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Under 18 U.S.C. § 3582(c)(1)(A)(i) district courts can consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." As relevant here, Section 3582(c)(1)(A)(i) provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." "Accordingly, in order to be entitled to relief under the statute, [the Defendant] must both meet the exhaustion requirement and demonstrate that 'extraordinary and compelling reasons' warrant a reduction of his sentence." *United States v. Smith*, No. 3:16-CR-48 (MPS), 2020 WL 1903160, at *2 (D. Conn. Apr. 17, 2020).

Here, nothing in the record indicates that Defendant has exhausted his administrative remedies. *See United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). In *United States v. Alam*, the Sixth Circuit held that "[i]f the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court . . . by moving for it on his own behalf," but "[t]o do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." 960 F.3d at 833-34 (quoting 18 U.S.C. § 3582(c)(1)(A)). It is the Defendant's "burden to show he has exhausted his administrative remedies and is entitled to compassionate release." *United States v. McDonald*, No. 94-CR-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020) (citing *United States v. Ebbers*, No. 02-CR-1144, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)). Defendant does not aver that he even petitioned the Warden at Lee USP, and he does not enclose any documents that support otherwise. As such, Defendant has not properly exhausted his administrative remedies as required by *Alam*.

Alternatively, Section 12003 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), presently and temporarily provides for expanded prisoner home confinement. However, the CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons *See* Atty. Gen. William Barr, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf; Atty. Gen. William Barr, Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf; 18 U.S.C. § 3624(c)(2); CARES Act, Pub.L. 116-136, Div. B, Title II, § 12003(b)(2) ("the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate."). While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision. *United States v. Engleson*, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) ("while court can recommend, [the] ultimate decision whether to release inmate to home confinement rests with BOP"). *See United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, *5 (D. Kan. Apr. 16, 2020); *see also United States v. Campbell*, No. 3:12-CR-24 (CAR), 2014 WL 12911957, *1 (M.D. Ga. Sept. 17, 2014) ("Defendant's request to be placed on home confinement lies within the sole discretion of the BOP, and any order from this Court would merely be a recommendation to the BOP to consider placing Defendant in home confinement." (citing 18 U.S.C. § 3621(b))). Accordingly, the Court lacks the authority to grant such relief.

The Court does not discount the effects a pandemic has on all the prison population. Incarcerated individuals face an even greater risk of transmission, given the conditions frequently present in correctional and detention facilities, including crowding, delays in medical evaluation and treatment, rationed access to soap, water, and clean laundry, insufficient infection-control expertise, and involuntary interaction with purportedly asymptomatic individuals who rotate shifts or visit the local facilities. *See United States v.*

*Kennedy*, No. 18-20315, 2020 WL 1493481, at *2 (E.D. Mich. Mar. 27, 2020). As prison officials are beginning to recognize around the country, even the most stringent precautionary measures- short of limiting the detained population itself -simply cannot protect detainees from the extremely high risk of contracting this unique and deadly disease.

## III.

The Court sympathizes with the Defendant's concerns, but it lacks authority to consider the present motion as explained herein. The motion must therefore be denied. It is HEREBY ORDERED that Defendant's motion for compassionate release, [Doc. 38], is DENIED.
So ordered.

    ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
